Quarles & Brady LLP
Renaissance One
Suite 400
Two North Central Avenue
Phoenix, Arizona 85004-2391
Telephone 602.229.5200

Jeffrey H. Wolf (AZ #011361)
jeffrey.wolf@quarles.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| P&B Franchise, LLC, an Arizona limited liability company; and Melodi Lee Harmon, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Andrew R. Dawson, an individual,<br><br>　　　　　　　Defendant. | NO. 2:23-cv-00784-MTM<br><br>**MOTION FOR ORDER DIRECTING DEFENDANT TO PRESERVE AND MAKE COMPUTER DEVICES AND SYSTEMS AVAILABLE FOR FORENSIC IMAGING AND ANALYSIS** |

　　　　Plaintiffs, P&B Franchise, LLC ("P&B") and Melodi Lee Harmon ("Ms. Harmon") (collectively, "Plaintiffs"), hereby move this Court to enter an Order directing Defendant, Andrew R. Dawson ("Defendant"), to preserve and make available for forensic imaging and analysis all Defendant's computer devices and systems, including remote and cloud storage systems. This matter warrants expedited handling due to the risk that relevant evidence could be deleted or destroyed before discovery commences in this matter. In further support, Plaintiffs state:

　　　　1.　　This action arises from Defendant's years-long surveillance of Plaintiffs' private, password-protected email accounts; theft of Plaintiffs' protected emails; and exploitation of the information stated in those emails, including proprietary business

information and attorney-client privileged communications, in Defendant's pending divorce proceedings against Ms. Harmon's daughter.

2. To accomplish these illicit acts, upon information and belief, Defendant used his personal computer device(s) to access Plaintiffs' personal and business email accounts without her authorization.

3. In fact, Defendant has admitted in the divorce proceedings that he has access to Plaintiffs' email accounts on at least one of his computer devices, for instance, by including as exhibits screenshots from his computer device showing Plaintiffs' email accounts. Furthermore, Plaintiffs have never authorized Defendant to access any of their email accounts at any time; yet, Defendant has somehow disclosed in the divorce proceedings emails and documents obtained directly from their email accounts. By way of example, Defendant has illegally accessed and produced in the divorce proceedings:

- P&B business documents (including ledgers, PPP reports, profit and loss sheets, payroll reports, franchise disclosure documents, financial statements, email correspondence with vendors, email correspondence with solicitors/potential partners/potential franchisees, etc.);
- Invoices to Plaintiffs from IT professionals;
- Email correspondence between Ms. Harmon and her various employees, including discussions regarding legal matters;
- Email correspondence between Ms. Harmon and Plaintiffs' corporate attorney and franchise attorneys, including attorney-client privileged information; and
- Email correspondence between Ms. Harmon and Plaintiffs' accountant.

4. As a result of Defendant's illegal access and monitoring of Plaintiffs' email accounts, Plaintiffs filed this suit seeking injunctive relief and damages against Defendant for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*.; violation of the Electronic Communications Privacy Act and Stored Communications Act, 18 U.S.C. §§

2520 and 2707; intrusion upon seclusion; and public disclosure of private information. (ECF 1.)

5. In short, what Plaintiffs know is that Defendant has covertly accessed their emails, many of which are confidential (and clearly labeled as such), and some which are very clearly covered by attorney-client privilege, to gain an unfair advantage in the divorce proceedings and embarrass Ms. Harmon. What Plaintiffs do not know – and could be prevented from ever learning – is when, how, and to what extent Defendant gained and exercised his illegal access.

6. As of the date of this filing, Plaintiffs have been unable to examine Defendant's computer device(s) and therefore are unable to determine the full nature and scope of Defendant's access to Plaintiffs' accounts, including the duration, extent, and number of devices from which Defendant accessed Plaintiffs' accounts, and whether Defendant deleted or altered any of Plaintiffs' emails or documents in the accounts.

7. Plaintiffs have delivered to Defendant a litigation hold letter informing him of his duties to preserve all electronic information related to the allegations in this case, including electronic information stored on computers, personal devices, remote computer drives and USBs, and cloud systems.

8. Still, there is a serious risk that, absent a Court Order, Defendant will delete, alter, hide, or destroy evidence stored on his computer devices, thereby impeding Plaintiffs from ever determining the extent of Defendant's wrongful activities.

9. By ordering Defendant to preserve and make available all his computer devices and systems for forensic imaging, the Court will be in a better position to determine and evaluate the underlying facts and evidence in support of Plaintiffs' claims.

10. The trial court has inherent authority to control and manage the litigation in matters pending before the court, including sound discretion to control discovery. *See Richbourg v. Jimerson*, 2012 WL 4355906, at *2 (D. Ariz. Sep. 24, 2012) ("[T]he Court has the inherent power to control discovery as it deems necessary.") (citing *Blackie v. Barrack*, 524 F.3d 891 (9th Cir. 1975); *accord In re Fine Paper Antitrust Litig.*, 685 F.2d

810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."); *In re San Juan Dupont Plaza Hotel Fire Litig.,* 859 F.2d 1007, 1013 (1st Cir. 1988) (recognizing the court's "authority to control and manage the litigation and the course of discovery") (citing Fed. R. Civ. P. 16(e) and 26(f)).

11. The Federal Rules of Civil Procedure further recognize the harm that may be caused by a party's failure to preserve electronically stored information. *See* Fed. R. Civ. P. 37(e) (listing sanctions available if a party fails to preserve electronically stored information).

12. Here, Plaintiffs' claims are entirely based on Defendant's misuse and storage of electronic information on his computer systems and devices. Should Defendant be allowed the opportunity to delete or alter any electronic information, Plaintiffs will not merely be disadvantaged but rather will be entirely unable to prove their claims against Defendant.

13. Accordingly, Plaintiffs request that this Court enter an Order requiring Defendant to preserve and make available for forensic examination all evidence in his possession relevant to the facts and circumstances alleged in the Complaint. This includes, but is not limited to, documents, computer files, hard drive data, electronic mail messages, cloud storage systems, Defendant's personal e-mails, text messages, and related records store on Defendant's computer devices and systems, including remote and cloud storage systems.

14. Plaintiffs further request that this Court enter an Order directing Defendant to make his personal computers and devices available to Plaintiff's computer forensic consultant for imaging and examination at the following address at a date to be determined by this Court:

> Jefford Englander
> Peak Forensics LLC
> 16427 N. Scottsdale Road, Suite 410
> Scottsdale, Arizona 85254

15. An Order directing Defendant to preserve and present for imaging and examination all evidence will not prejudice Defendant and will ensure that the Court has all the relevant information before it as it considers Plaintiffs' claims.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order:

1) Directing Defendant to preserve all evidence, including but not limited to, documents, computer files, hard drive data, electronic mail messages, cloud storage systems, Defendant's personal e-mails, text messages, and related records store on Defendant's computer devices and systems, including remote and cloud storage systems, and any other evidence relevant to the facts and circumstances alleged in Plaintiffs' Complaint;

2) Directing Defendant to make his personal computers and devices available to Jefford Englander of Peak Forensics LLC upon entry of an Order granting the present motion; and

3) For all other relief just and proper.

RESPECTFULLY SUBMITTED/DATED this 11th day of May, 2023.

> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By */s/ Jeffrey H. Wolf*
>
> *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2023, Plaintiff's Motion for Order Directing Defendant to Preserve and Make Computer Devices and Systems Available for Forensic Imaging and Analysis was served on the following party via certified mail:

Andrew Ryan Dawson
8518 E. Sunnyside Drive
Scottsdale, AZ 85260

/s/ *Jeffrey H. Wolf*
*Attorney for Plaintiffs*