**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| P&B Franchise, LLC, et. al., | No. CV-23-00784-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Andrew R Dawson | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion for Order Directing Defendant to Preserve and Make Computer Devices and Systems Available for Forensic Imaging and Analysis (Doc. 6.) Defendant filed a response (Doc. 19) to which Plaintiff filed a reply (Doc. 21.). After reviewing the parties' arguments and the relevant law, the Court will deny Plaintiffs' Motion.

**I.    BACKGROUND**

The Court previously outlined the relevant dispute background in its January 25 order (Doc. 44.) For ease of reference, it is repeated here.

This motion stems from a dispute over electronic evidence and communications related to a divorce proceeding in Maricopa County Superior Court. (Doc. 1 at 1 ¶ 1.) Plaintiff Melodi Harmon's daughter, Cynthia, is currently in divorce proceedings with Defendant. (*Id.*) Harmon is the founder and CEO of P&B, which operates a national dry styling bar, Primp and Blow. Primp and Blow was founded in 2010, and in 2013 began operating as a franchise model and now has fifteen locations in five states. (*Id.* at 3 ¶¶ 17–

18.) At some point after 2013, Harmon gifted Cynthia partial ownership interests in P&B entities. (*Id.*) At the time of the gift Cynthia was married to Defendant. (*Id.* ¶ 19.) Plaintiffs allege that at some point, Harmon's email address and a P&B email address were logged onto and saved to the "Mail" application on the couple's home computer without her knowledge. (*Id.* ¶¶ 20–21.) Plaintiffs further allege that Defendant "secretly and without authorization" used the Mail application to "access, monitor, and copy or Transfer" these accounts to his own accounts. (*Id.* ¶ 26.) Defendant denies these allegations. (Doc. 18 at 3 ¶ 20.)

In April 2020, Defendant filed a Petition for Dissolution of Non-Covenant Marriage against Plaintiff Melanie Harmon's Daughter in state court. (Doc. 1 at 4 ¶ 27.) In these proceedings, Defendant alleges that he obtained ownership in Primp and Blow during the marriage, and that the ownership interest is a community asset subject to division. (*Id.* ¶ 28.) Additionally, he joined Harmon in the proceedings to obtain "documentation necessary to determine [his] community interests in Primp and Blow." (Doc. 18 at 3 ¶ 28.) During the divorce proceedings, Defendant has disclosed emails from one of the accounts and alleges that they were identified in all disclosure statements since February 2021. (*Id.* at 4 ¶ 29.) Plaintiffs allege that these emails contain privileged and proprietary information, and that Defendant never disclosed to Harmon that he intended to transfer these emails for use in the divorce proceedings. (Doc. 1 at 3 –4 ¶¶ 29–34.)

After discovering Defendant's alleged access of these accounts, Plaintiffs brought claims in this Court for breach of the Federal Computer Fraud and Abuse Act, Electronic Communications Privacy Act and Stored Communications Act, intrusion upon seclusion and invasion of privacy by public disclosure of private facts. (Doc. 1.) As part of this litigation, Plaintiffs seek expedited discovery for Defendant to preserve a host of electronic evidence to be made available for forensic imaging and analysis. (Doc. 6.)

II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 34(a), a party may request another party to produce, and permit it to inspect, sample, test and copy electronically stored information

("ESI") so long as it is within the scope of Rule 26(a). *See* Fed. R. Civ. P. 34. This is not meant to create a "routine right of direct access to a party's electronic information system." *Juul Labs, Inc. v. Chou*, No. 221CV03056DSFPDX, 2022 WL 2161062, at *1 (C.D. Cal. Apr. 19, 2022) (cleaned up).

That said, district courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). However, ordering "[a] forensic examination of an opposing party's computer is considered an extraordinary remedy." *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK (SSx), 2012 WL 12886446, at *2 n.2 (C.D. Cal. Jan. 26, 2012); *SGII, Inc. v. Suon*, No. 8:21-cv-01168-DOC (JDEx), 2021 WL 6752324, at *9 (C.D. Cal. Dec. 29, 2021). The Ninth Circuit has not provided a specific standard for when a Court should order a forensic examination. However, several courts within the Circuit have only found forensic imaging warranted where there is more than a suspicion that the opposing party has intentionally destroyed evidence or committed other discovery misconduct. *See Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH(KSC), 2018 WL 6735710, at *5 (S.D. Cal. Dec. 21, 2018); *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12cv2472-AJB(KSC), 2013 WL 5212013, at *2 (S.D. Cal. Sept. 13, 2013) ("[A]bsent specific, concrete evidence of concealment or destruction of evidence, courts are generally cautious about granting a request for a forensic examination of an adversary's computer."). Therefore, where a party asks a court to order the compulsion or preservation of evidence for forensic imaging, it should tread lightly and carefully consider the significant interests of both parties. *See John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008). Further, "[t]he [Rule 26] requirement that parties discuss preservation does not imply that courts should routinely enter preservation orders" especially over objections. Fed. R. Civ. P. Adv. Comm. Note Rule 26(f)(2).

### III. DISCUSSION

Plaintiffs are requesting the Court order Defendant to preserve and present for examination a wide swath of ESI "including but not limited to, documents, computer files, hard drive data, electronic mail messages, cloud storage systems, Defendant's personal e-

mails, text messages, and related records store on Defendant's computer devices and systems, including remote and cloud storage systems, and any other evidence relevant to the facts and circumstances alleged in Plaintiffs' Complaint[.]" (Doc. 6 at 5.) Defendant opposes this motion, arguing that this case does not warrant the "extraordinary remedy" Plaintiffs are requesting, especially given that the parties haven't had a chance to discuss ESI as required by Rule 26. The Court agrees with Defendant.

In its July 19, 2023 Order, the Court set the discovery timeline, and discovery has since begun. (*See* Doc. 27–31; Doc. 41.) Plaintiffs filed this motion on May 11, 2023— before the scheduling order was set —thereby making it premature. Further, Plaintiffs note that they have already sent Defendant a litigation hold letter informing him of his duties to preserve ESI related to the allegations in this case, which includes the information they seek to preserve here. (Doc. 6 at 3.) Defendant "acknowledges he has a duty to take reasonable steps to preserve relevant ESI." (Doc. 19 at 9); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006) ("There is no doubt that a litigant has a duty to preserve evidence it knows or should know is relevant to imminent litigation.").

In addition to being premature and duplicative, the Court agrees with Defendant that the amount and kind of ESI requested is overly broad and lacks specific reasoning as to why *all* of that information should be preserved for imaging and collection. *See John B.*, 531 F.3d at 459–60 ("Nevertheless, '[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'") (quoting *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. March 24, 2006)).

Because it was premature, unnecessary, and overbroad, the Court will deny Plaintiffs' Motion. The Court notes that the parties have already submitted their Rule 26(f) Proposed Case Management Plan (Doc. 25). However, the plan did not include a protocol for the ESI at issue here. Due to the pending nature of this Motion, the parties did not confer as to the ESI requested in this Motion. (*Id.*) Because the Court will deny this

Motion, it also orders the parties to meet and confer on *all* ESI, including "Defendant's computer devices and systems, including remote and cloud storage systems." (Doc. 6 at 1.) If after meeting and conferring the parties still cannot reach an agreement on ESI protocol, they may file a motion to compel and relevant responses with the Court.

## IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED denying** Plaintiffs' Motion for Order Directing Defendant to Preserve and Make Computer Devices and Systems Available for Forensic Imaging and Analysis (Doc. 6.)

**IT IS FURTHER ORDERED** that Plaintiffs and Defendant must meet and confer in accordance with Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34 to propose a protocol for the ESI implicated here.

Dated this 29th day of January, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge